UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASLO SCHOKA and ESTELLA ROMERO SCHOKA,<br><br>                              Plaintiffs,<br><br>v.<br><br>SECRETARIA DE RELACIONES EXTERIORES, CITY OF TIJUANA, DISTRICT OF SAN ANTONIO, AND ASSOCIATION OF VECINOS OF SAN ANTONIO DEL MAR,<br><br>                              Defendants. | Case No.: 3:23-cv-01693-JO-BGS<br><br>**ORDER DISMISSING COMPLAINT AND DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT** |

On September 13, 2023, *pro se* Plaintiffs Laslo Schoka and Estella Romero Schoka ("Plaintiffs") filed a complaint alleging that Defendants Secretaria de Relaciones Exteriores ("Mexican Secretary of Foreign Affairs"), City of Tijuana, District of San Antonio, and Association de Vecinos of San Antonio del Mar ("Association of Neighbors of San Antonio del Mar") failed to protect and maintain their property rights to their second home in Mexico.  Dkt. 1 ("Compl.").  Plaintiffs also filed a motion to proceed *in forma pauperis* ("IFP").  Dkt. 2.  For the following reasons, the Court dismisses the complaint in full and denies Plaintiffs' IFP request as moot.
///

# I. BACKGROUND

In July of 2011, Plaintiffs purchased a second home in San Antonio del Mar, Tijuana, Mexico. Compl. at 1. Plaintiffs believed that paying residential taxes entitled them to use the property's common recreational facilities, including two tennis courts, two swimming pools, and beach access. *Id.* at 2. However, around two years ago, private actors acquired these recreational facilities and began charging residents, including Plaintiffs, for their use. *Id.* Based on the above facts, Plaintiffs alleged 42 U.S.C. § 1983 ("§ 1983") claims against the following Defendants: (1) the Mexican Secretary of Foreign Affairs; (2) the City of Tijuana; (3) the District of San Antonio del Mar, Tijuana, Mexico; and (4) the Association of Neighbors of San Antonio del Mar. *Id.* at 3–4.

# II. LEGAL STANDARD

Because Plaintiffs have filed an IFP motion, the Court must undergo a *sua sponte* screening for dismissal. A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Pro se

complaints are construed "liberally" and may be dismissed for failure to state a claim only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal quotation marks omitted).

### III. DISCUSSION

**A. Plaintiffs' § 1983 Claims Do Not Allege That Defendants Were Acting Under Color of State Law**

Upon screening Plaintiffs' complaint, the Court finds that Plaintiffs have failed to state claims under § 1983 because they have not alleged that Defendants were acting under "color of state law." 42 U.S.C. § 1983.

To state a claim under § 1983, a plaintiff must plead: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant acts "under color of state law" where he, she, or it "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal citation and quotation marks omitted). "[A]cts by a foreign government and its officials cannot constitute conduct under color of state law under Section 1983." *Lewis v. Google LLC*, 461 F. Supp. 3d 938, 956 (N.D. Cal. 2020), *aff'd*, 851 F. App'x 723 (9th Cir. 2021) (internal citation and quotation marks omitted) (citing *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1515 (9th Cir. 1987) (finding that Plaintiffs could not bring § 1983 claims against the Mexican consulate or officials of the Mexican government)); *cf. Ohno v. Yasuma*, 723 F.3d 984, 995 (9th Cir. 2013) ("[S]tate actor means an actor for whom a domestic governmental entity is in some sense responsible." (internal quotation marks omitted)).

Here, Plaintiffs have brought § 1983 claims against the Mexican Secretary of Foreign Affairs, the City of Tijuana, the District of San Antonio, and the Association of Neighbors of San Antonio del Mar, all of whom are either Mexican officials, government

entities, or neighborhood associations. Compl. at 1. The actions of these foreign government entities and their officials cannot form the basis of a § 1983 claim. *See Gerritsen*, 819 F.2d at 1515. Because § 1983 only permits suits against domestic actors operating under U.S. state law, Plaintiffs have failed to state a claim.

The Court dismisses Plaintiffs' § 1983 claims with prejudice because no additional facts could cure the fundamental deficiency of this complaint—that Plaintiffs seek to bring suit against foreign entities and officials. Compl. at 1. Given that the entirety of Plaintiffs' dispute is with Mexican actors, not domestic actors operating under state law, further amendment consistent with the original allegations would be futile. *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (finding leave to amend futile where "plaintiffs cannot cure the basic flaw in their pleading"). Accordingly, Plaintiffs' claims are dismissed with prejudice.

**B. Motion to Proceed IFP Denied as Moot**

Because the Court dismisses Plaintiffs' complaint with prejudice, the Court DENIES Plaintiffs' motion to proceed IFP as moot.

## IV. CONCLUSION

For the reasons set out above, the Court DISMISSES Plaintiffs' complaint in full with prejudice [Dkt. 1] and DENIES Plaintiffs' motion to proceed IFP as moot [Dkt. 2]. The Clerk of the Court is instructed to close the case.

**IT IS SO ORDERED**.

Dated: November 28, 2023

Honorable Jinsook Ohta
United States District Judge